NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EUSTACIO GREGORIO-MEZA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FCI FORT DIX,<br><br>    Respondent. | No. 26cv2450 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Petitioner Eustacio Gregorio-Meza, a federal prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this action pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") computation of his sentence.[1] D.E. 1 ("Petition").  Respondent filed an answer in opposition to the Petition.  D.E. 6 ("Answer"). Petitioner then replied.  D.E. 7 ("Reply").

For the reasons set forth below, the Court finds that the BOP properly calculated Petitioner's sentence, and therefore, will **DISMISS** the Petition.

I. **BACKGROUND**

A. **Factual Background**

In 2022, Petitioner was indicted in the United States District Court, Southern District of Florida, for illegally re-entering the United States after having been removed, in violation of 8 U.S.C. §§ 1326(a), (b)(1).  *United States v. Gregorio-Meza*, Crim. No. 22-80193 (S.D. Fla.), D.E.

---

[1] This Court has jurisdiction over Petitioner's habeas challenge to his federal sentence computation under 28 U.S.C. § 2241(c)(3).  *See, e.g.*, *Turnquest v. Allenwood*, 643 F. App'x 101, 104 (3d Cir. 2016) (per curiam) (affirming district court's denial of habeas petition under § 2241 where Petitioner failed to show BOP erred in sentence calculation).

3 ("*Gregorio-Meza I*").[2]  Petitioner was convicted of illegal reentry, and on March 3, 2023, he was sentenced to an eight-month prison term and two years of supervised release.  *Gregorio-Meza I*, D.E. 23, Criminal Judgment.  After his release, Petitioner was removed from the United States in August 2023.  *See United States v. Gregorio-Meza*, Crim. No. 24-80153 (S.D. Fla.), D.E. 1 ("Criminal Complaint") ¶ 6 ("*Gregorio-Meza II*").[3]

In November 2024, Petitioner was again charged with illegal reentry.  *Id.*  On November 8, 2024, a warrant issued to arrest Petitioner for violating the terms of his supervised release from *Gregorio-Meza I*.  D.E. 6-2, Declaration of Jon McEvoy[4] ("McEvoy Decl.") ¶ 4.  On December 5, 2024, Petitioner was sentenced to a prison term of one year and one day for that violation.  *Gregorio-Meza I*, D.E. 33.  Then, on May 6, 2025, Petitioner was convicted and sentenced to a 21-month term of imprisonment for illegal reentry.  *Gregorio-Meza II*, D.E. 37.  The court ordered Defendant to receive credit for all time served "in this matter including from the date of arrest in connection with the warrant in this case" and ordered the sentence to run concurrently with the term imposed in *Gregorio-Meza I*.  *Id.*

In computing these sentences in *Gregorio-Meza II*, the BOP aggregated the two undischarged terms of imprisonment pursuant to 18 U.S.C. § 3584(c), resulting in a  two year, two

---

[2] Throughout this Order, the Court cites to docket entries from several cases.  The Court has explicitly denoted when citations come from other actions.  Otherwise, the entries are from this action.

[3] Petitioner's criminal dockets in *Gregorio-Meza I* and *Gregorio-Meza II* are available on Public Access to Court Electronic Records ("PACER") website at www.PACER.gov.

[4] Jon McEvoy is a Management Analyst at the BOP Designation and Sentence Computation Center.  McEvoy Decl. ¶ 1.  McEvoy audited Petitioner's sentence computation and found that it was correctly computed according to BOP policy and federal law.  *Id.* ¶¶ 2-9.

month and one day aggregate sentence.  McEvoy Decl. ¶ 8.  According to the BOP, Petitioner's projected release date is September 19, 2026.  *Id.*; D.E. 6-3 at 23–29 ("Public Information Data").

Petitioner filed a remedy request with the warden of FCI Fort Dix on March 26, 2026, to correct his sentence computation.  D.E. 6-1, Declaration of Carrie Dobovich ("Dobovich Decl.")[5] and D.E. 6-1 at 5, Ex. 1 ("Sentry Admin. Remedy Retrieval").  The warden's response was due on April 15, 2026.

### B.     Procedural History and Summary of Petition

Petitioner filed his Petition on March 5, 2026, alleging his sentence expires on April 28, 2026.  Petition at 10–36.  Petitioner contends that the BOP incorrectly calculated his sentence because the court ordered his sentences to run concurrently and that he should have received prior custody credit beginning October 31, 2024.  *Id.* at 4.  Petitioner also claims that exhaustion of administrative remedies is futile.  *Id.* at 9.

Specifically, Petitioner argues the BOP was required to calculate his sentence as a 21-month prison term commencing on December 5, 2024,  with prior custody credit awarded as of October 31, 2024.  Petition at 4.  Respondents submit that the Court should dismiss the Petition based on Petitioner's failure to exhaust administrative remedies. Answer at 2.  Alternatively, Respondents argue the BOP properly computed Petitioner's sentence by imposing a 26-month aggregate prison term commencing on December 5, 2024, and by awarding prior custody credit beginning November 8, 2024, when a warrant issued for Petitioner's violation of supervised release, as opposed to October 31, 2024, when an administrative warrant issued for Petitioner's civil immigration detention.  Answer at 5.

---

[5]  Carrie Dobovich is a legal assistant for the BOP at FCI Fort Dix.  Dobovich Decl. ¶ 1.  She has access to BOP files maintained in the ordinary course of business.  *Id.* ¶ 2.

## II.    LEGAL STANDARD

### A.    Exhaustion of Administrative Remedies

The Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhausting administrative remedies: "(1) allow[s] the appropriate agency to develop a factual record and apply its expertise [to] facilitate judicial review; (2) permit[s] agencies to grant the relief requested [and] conserves judicial resources; and (3) provid[es] agencies the opportunity to correct their own errors [to] foster[] administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761–62 (3d Cir. 1996) (citations omitted). There are four steps to exhaust the BOP's administrative remedy program. *See* 28 C.F.R. §§ 542.10 *et seq.* (regulations governing BOP administrative remedy program). The first step involves informal resolution with a staff member, § 542.13; the second step is a formal written complaint to the warden, § 542.14; the third step is appeal to the BOP Regional Director; § 542.15(a); and the final step is appeal to the General Counsel in the Central Office, § 542.15(a). Exhaustion of administrative remedies may be excused "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010).

### B.    Calculation of Federal Sentences

The first step in calculating a federal sentence is to determine when the sentence commences. According to 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence may not be ordered to commence before the date it is imposed. *Mills v. Quintana*, 408 F. App'x 533, 535 (3d Cir. 2010). When a defendant is in primary

federal custody at the time of sentencing, his federal sentence commences upon imposition. 18 U.S.C. § 3585(a). If a federal defendant is subject to multiple terms of imprisonment ordered to run consecutively or concurrently, for administrative reasons, the sentences are treated as a single, aggregate term of imprisonment. 18 U.S.C. § 3584(c). The next step in calculating a federal sentence is to determine prior custody credit for time spent in official detention prior to sentencing. 18 U.S.C. § 3585(b). "Official detention" under § 3585(b) "does not include time spent" in federal immigration detention "pending a civil deportation determination." *Perez v. Merendino*, No. CV 24-4083 (KMW), 2024 WL 4263199, at \*1 (D.N.J. Sept. 20, 2024) (citations omitted).

### III.    ANALYSIS

#### A.    Petitioner Failed to Exhaust Administrative Remedies

Petitioner concedes that he did not exhaust the administrative remedies available to him in BOP custody because he could not do so by April 28, 2026, his alleged release date. Petition at 10. Additionally, Petitioner asserts the exhaustion requirement should be excused because the aggregation policy in BOP Program Statement 5880.28 results in a five-month delay in his release, and BOP is unlikely to change its policy in response to his administrative appeal. *Id.* at 9–10.

"[D]istrict courts within the Third Circuit have repeatedly rejected the argument that a federal prisoner can be excused from the exhaustion requirement simply because he is approaching his projected release date and may not finish his administrative appeal before a potential habeas claim would become moot." *Sutton v. Moser*, No. 19-210, 2019 WL 2743959, at \*4 (W.D. Pa. July 1, 2019); *Bortolotti v. Knight*, No. 22-6137, 2022 WL 17959577, at \*2 (D.N.J. Dec. 27, 2022) (same). The Court will not excuse Petitioner's failure to exhaust administrative remedies on this basis.

Here, Petitioner is challenging the application of BOP Program Statement 5880.28 ("PS 5880.28").[6]  But the Third Circuit has made abundantly clear that exhaustion of administrative remedies is not excused where a petitioner challenges the application of a BOP regulation, rather than the validity of BOP regulations themselves.  *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239, n.2 (3d Cir. 2005).  Petition at 5–9.  The Court therefore sees no basis to excuse Petitioner's failure to exhaust administrative remedies.  *See*, *e.g.*, *Armstrong v. Grondolsky*, 341 F. App'x 828, 832 (3d Cir. 2009) (holding exhaustion of administrative remedies was required where federal prisoner's habeas claim concerned "the possibility of tension between Program Statement 5880.28 and 18 U.S.C. § 3585(b) … and the BOP's authority to promulgate Program Statement 5880.28").  Petitioner's Petition is **DENIED**.

**B.      BOP Correctly Computed Petitioner's Concurrent Sentences**

Although the Court need not reach the substance of the Petition,[7] the Court will do so to provide Petitioner with a decision on the merits.  The Attorney General has the statutory authority for calculating federal criminal sentences and delegated such authority to the BOP.  *United States v. Wilson*, 503 U.S. 329, 333–35 (1992).  The first step in computing Petitioner's federal sentence is to determine when his sentence commences.  *Shahid v. Schultz*, 272 F. App'x 150, 153 (3d Cir. 2008).

Here, Petitioner has two federal sentences that were ordered to run concurrently, and which were properly aggregated as a single sentence for administrative reasons pursuant to 18 U.S.C.

---

[6] PS 5880.28 is available at www.bop.gov/policy/progstat/5880_028.pdf (last viewed April 27, 2026).

[7] "If we regard an application for a writ of habeas corpus to be without merit, 28 U.S.C. § 2254(b)(2) affords us the alternative of ignoring any failure to exhaust state remedies and addressing the merits of the petition." *Lewis v. Pinchak*, 348 F.3d 355, 357 (3d Cir. 2003).

§ 3584(c).  *See Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) ("Calculation of an inmate's term of imprisonment is widely recognized as an 'administrative purpose' well within the BOP's responsibilities as charged by Congress.").

Petitioner was sentenced on December 5, 2024, in *Gregorio-Meza I*, to a term of imprisonment of one year and one day.  His second sentence, a term of imprisonment for 21 months, was imposed in *Gregorio-Meza II* on May 6, 2025.  Petitioner's aggregated sentence was computed pursuant to PS 5880.28 as 26-months and one day, which reflects a 21-month concurrent sentence plus the difference between the imposition dates.  McEvoy Decl. ¶ 8.  This is because 18 U.S.C. § 3585(a) precludes Petitioner's second sentence from commencing until the date it was imposed, May 6, 2025.  Petitioner's contention that he may only serve a total of 21 months on his aggregate sentence is inconsistent with § 3585(a), and therefore, must be rejected.

Petitioner's reference to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) for the proposition that the BOP lacks authority to disregard the sentencing court's order for a fully concurrent sentence is inapposite.  In *Barden*, the Third Circuit held that pursuant to its authority to designate a federal prisoner's place of confinement under 18 U.S.C. § 3621(b), the BOP was required to consider Barden's application for *nunc pro tunc* designation of the state facility as a place of confinement for his federal sentence, which would achieve fully concurrent state and federal sentences.  *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990).  Here, Petitioner was not subject to a state sentence, and therefore, *Barden* provides Petitioner no relief.

The only manner for the sentencing court to achieve fully concurrent federal sentences was to impose a five-month and one-day shorter sentence on Petitioner in the second case to account for the difference in the imposition dates between the two federal sentences.  *See Dominguez v. Thompson*, No. 24-2743, 2024 WL 2045537, at *5 (D.N.J. May 8, 2024) (discussing United States

Sentencing Guidelines § 5G1.3(c)); *see also United States v. Saintville*, 218 F.3d 246, 248 (3d Cir. 2000) (discussing hypothetical combined sentencing range under U.S.S.G. § 5G1.3(c) if United States had prosecuted both state drug offense and illegal entry offense in the district court). Moreover, the Court notes that Petitioner's sentencing court did not order that Petitioner's federal sentences were to run "fully concurrent" as Petitioner contends.  D.E. 6-3 at 15, Attach. 4 at 2 ("May 6, 2025 Judgment").

In sum, the BOP properly calculated Petitioner's aggregate sentence as two years, 2 months and 1 day, beginning on December 5, 2024.  *See* Public Information Data.

**C.      The BOP Correctly Calculated and Applied Petitioner's Prior Custody**

Petitioner seeks prior custody credit beginning October 31, 2024, the date of his apprehension by ICE on an administrative warrant and the date ordered by the sentencing court. Reply at 5.  However, a district court lacks authority to award prior custody credit at sentencing; authority rests in the Attorney General who delegated such authority to the BOP.  *Wilson*, 503 U.S. at 333–35.  Section 3585(b) does not define "official detention" for purposes of prior custody credit.

In interpreting the statute, courts have consistently held prior custody credit is applicable only to detention for criminal prosecution.  *See Reyes-Ortiz v. Schultz*, No. 08-6386, 2009 WL 4510131, at *4–5 (D.N.J. Dec. 1, 2009); *Zavala v. Ives*, 785 F.3d 367, 371 (9th Cir. 2015).  The purpose of apprehension on an administrative warrant by ICE is for *civil* detention pending removal from the United States.  *See Zavala*, 785 F.3d at 371 ("pending deportation means detention for the purpose of removing him from the country"); *see also* 8 U.S.C. § 1226(a).

To determine the date of an individual's official detention for *criminal* prosecution, "BOP utilizes the earliest date contained in the source documentation on which the inmate was charged

when determining whether the inmate was held for civil deportation or criminal prosecution." McEvoy Decl. ¶ 9; *see also* PS 5880.28, page 1-15A (1999) (stating detention pending civil deportation is not "official detention" pending criminal charges).

A warrant for violation of supervised release was issued for Petitioner on November 8, 2024. McEvoy Decl. ¶ 9. Therefore, the BOP awarded Petitioner 27 days of jail credit from November 8, 2024 (the date the warrant issued), through December 4, 2024 (the day before his sentence began to run). *Id.*; Public Information Data. Thus, the BOP properly calculated Petitioner's prior custody credit.

## IV.    CONCLUSION

**IT IS** on this 4th day of May, 2026,

**ORDERED** that the Petition, D.E. 1, is **DISMISSED** for Petitioner's failure to exhaust administrative remedies; and it is further

**ORDERED** that the Petition fails on the merits; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum Order upon Petitioner by regular U.S. Mail; and it is finally

**ORDERED** that the Clerk of Court shall mark this matter as **CLOSED**.

Evelyn Padin, U.S.D.J.

9